## J. M. Coley v. The State.

### No. 1927.   Decided October 30, 1912.

**1.—Mortgaged Property—Unlawful Disposition—Sufficiency of the Evidence.**

Where, upon trial of unlawfully disposing of mortgaged property the evidence sustained a conviction, there was no error.

**2.—Same—Consent—Conflicting Evidence.**

Where, upon trial of unlawfully disposing of mortgaged property, the defendant claimed the consent to dispose of said property from one of the mortgagees, but the State's testimony positively disputed the same, the conviction was sustained.

**3.—Same—Evidence—Leading Question—Bill of Exceptions.**

Where the bill of exceptions did not show that it was not permissible to ask a leading question, there was no error; besides, the question was not leading as to whether defendant stated there was any incumbrance on the alleged property.

**4.—Same—Charge of Court—Consent—Practice in District Court.**

Where the court charged the jury that if defendant disposed of the alleged property without the consent of the owners, naming them conjunctively, and thus read the charge to the jury, but immediately thereafter used the disjunctive in correcting his charge, but did not again read it to the jury, but it also appeared that the jury did read the charge in their retirement before they found their verdict, there was no reversible error.

**5.—Same—Charge of Court—Reading Charge—Practice.**

While article 971, Revised Civil Statutes, requires the court to read the charge to the jury in the precise words in which it is written, the criminal statutes do not require this, and although he should do so in criminal cases, there was no error, where the record showed that it was admitted by the appellant that the jury actually read the charge as it was charged by the court in their retirement before their verdict; no injury having been shown.

**6.—Same—Charge of Court—Mortgage Lien—Weight of Evidence.**

Where all the evidence showed that the mortgage was given by defendant as alleged and that it was unsatisfied at the time he fraudulently disposed of the property, the criticism that the charge was upon the weight of the evidence in presuming that there was a mortgage lien is untenable; besides, the charge was correct.

Appeal from the District Court of Howard.   Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of unlawfully disposing of mortgaged property; penalty two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was properly indicted and convicted of unlawfully disposing of mortgaged property and his penalty assessed at two years in the penitentiary.

The evidence is very clear and amply sufficient to sustain the conviction.

Appellant's defense was that he had permission and authority from one of the mortgagees, Wolcott, to dispose of the mortgaged property and so testified, and had some testimony by his father and brother-in-law that more or less supported his testimony. There was no claim by appellant or intimation by the evidence that Cole consulted or had anything personally or as a member of the firm of Cole & Wolcott to do with the animal. The State's witnesses positively disputed that of the appellant and was to the effect that they gave him no authority or permission to dispose of the mortgaged property. Appellant's father was impeached by the State, showing by some of the witnesses that his reputation for truth and veracity was bad. There was some conflict in the testimony of the appellant's witnesses. All of this was for the jury and was properly submitted by the court to the jury. They found against appellant and we can not on that account disturb the verdict.

By one bill appellant shows that when one of the State's witnesses was on the stand the district attorney was permitted to ask him whether or not the defendant told him that there was any incumbrances against the mare (the mortgaged property) at the time he sold her to the witness. The appellant objected to this because the question was illegal and inadmissible, was leading and had no bearing on any issue in the case. The court overruled the objections and the witness answered "defendant told me at the time I got the mare of him that there was not a dollar against her." The question as asked was not leading, nor does the bill show that it was not permissible even if leading. Carter v. State, 59 Texas Crim. Rep., 73. We think the evidence was clearly admissible.

By another bill it is shown that in the charge of the court in submitting the question to the jury for a finding as to whether appellant had disposed of the mortgaged property, he used the words "without the consent of the said W. R. Cole and John Wolcott," these parties being the owners of the mortgage and the debt to secure it which was given by appellant to them and that the charge as thus originally written was read to the jury; that immediately afterwards and before the jury took the charge and retired, the court changed the above quotation by erasing and interlining, so that, instead of reading as he had read it to the jury, it read this way: "Without the consent of either the said W. R. Cole or John Wolcott," and did not then again read it to the jury; that appellant was present when this was done and that the objection was first made on a motion for a new trial. That then the State offered to show by all the jurors that the charge was read over by them after their retirement and before they returned into court with their verdict, the defendant and his counsel agreed in open court that said charge had been read over by the jury. Each and both of said wit-

nesses, Cole and Wolcott, testified positively that they did not give their consent or authorize the appellant to dispose of said mortgaged property. The only objection of appellant is that the court did not read the charge to the jury after he made the change therein.

Our statutes in civil cases, Revised Statutes, article 1971, expressly require the court to read the charge "to the jury in the precise words in which it is written." There is no such provision about so reading the charge in our criminal statute, but it expressly requires that after the argument "the judge shall deliver to the jury a written charge." Of course, the judge should in criminal as well as in civil cases read the charge "to the jury in the precise words in which it is written," and it would have been not only proper, but the court ought in this case to have read the charge after he had changed it, as it read after such changes. It having been shown and admitted by the appellant in this case that the jury did actually read this charge after their retirement and before the verdict, no injury is shown and none could have occurred to appellant in this matter. The fact that the charge, as originally written and read to the jury as the bill shows, having been changed by the court by erasures and interlineations to read as it was when it was delivered by him to the jury, would emphasize and call their attention to the fact that said change had been made. Besides, the court in a separate paragraph of the charge specially told the jury that if Wolcott gave appellant permission to sell and dispose of the mortgaged property, to acquit him.

Another complaint in this bill is that the court erred in said subdivision of his charge in that it did not confine the jury to the evidence in the case, but left it open to believe from any source they might choose that the mortgage lien at the time of the sale was unsatisfied, and that the charge was upon the weight of the evidence and indicated the court presumed there was a mortgage lien and that the same was unsatisfied. All of the proof in the case by the State's witnesses and the defendant himself showed that the mortgage was given by appellant as alleged and that it was unsatisfied. So that this criticism of the charge of the court, even if correct, could not have injured and did not injure appellant. But the charge is not subject to the criticism as shown by it and the court's explanation to the bill on the subject. This paragraph of the court's charge started out by instructing the jury "if you believe from the evidence in this case beyond a reasonable doubt," then follows the necessary requisites for them to so find before they could convict appellant. Appellant's criticism thereof is hypercritical and not borne out by the whole of this paragraph of the charge.

There is no other question raised except that the evidence is insufficient to sustain the verdict. It is unnecessary to recite the evidence, but it is very complete, and if the jury believed the State's

witnesses, which it did, it was amply sufficient in every way to sustain the verdict.

The judgment is affirmed.

*Affirmed.*